UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PAULINE DALE STONEHILL,

    *Plaintiff*,

v.

INTERNAL REVENUE SERVICE,

    *Defendant*.

Civil Action No. 19-3644 (RDM)

## MEMORANDUM OPINION AND ORDER

Plaintiff Pauline Dale Stonehill, acting as the co-executor and co-special administrator of the estate of her late husband, Harry Stonehill, filed this action against the Internal Revenue Service ("IRS") seeking to compel the disclosure of certain records pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. Dkt. 1. The IRS moves to dismiss on the ground that Plaintiff's suit is "barred under the doctrine of res judicata." Dkt. 11-1 at 3. For the reasons that follow, the Court will **DENY** the motion.

The litigation that preceded and led to the present lawsuit has spanned several decades and involves events on multiple continents. Only a brief summary is necessary for the purpose of resolving the pending motion. In the early years of Philippine independence, Harry Stonehill and his business partner built an "enormously successful" corporate empire in the Philippines, comprising more than a dozen corporations, including the United States Tobacco Company, which was "the first company to produce American-style cigarettes in the Philippines." *United States v. Est. of Stonehill*, 660 F.3d 415, 418 (9th Cir. 2011). Over time, amid allegations of illegal

activity within the companies, the Federal Bureau of Investigation and the Philippine National Bureau of Investigation ("NBI") began to investigate Stonehill's businesses. *Id.* at 418–19.  On March 3, 1962, the NBI conducted a "massive" raid, involving approximately two hundred agents, on all of Stonehill's businesses.  *Id.* at 419.  Information from the raid was shared with U.S. authorities and eventually led to a $17.6 million tax judgment against Stonehill and his partner that "economically destroyed Stonehill."  Dkt. 1 at 5 (Compl. ¶ 15); Dkt. 11-1 at 3.

In the decades since, the Stonehill family—Harry Stonehill until his death on March 20, 2002, Dkt. 1 at 12 (Compl. ¶ 56), and thereafter Pauline Dale Stonehill acting on his behalf (collectively, "Stonehill")—has fought to reverse that judgment.  In the Ninth Circuit, Stonehill sought reconsideration of the tax judgment under Federal Rule of Civil Procedure 60(b)(6), "alleging that the government had committed fraud on the court."  *Stonehill*, 660 F.3d at 430; Dkt. 1 at 7 (Compl. ¶ 28).  In support of the Rule 60(b) motion, Stonehill sought discovery that he alleged would show wrongdoing by the government.  Dkt. 11-1 at 4.  Stonehill also submitted FOIA requests in 1998 and 2001 seeking related information, which led to litigation in this Court and in the D.C. Circuit.  *See Stonehill v. I.R.S.*, 534 F. Supp. 2d 1 (D.D.C. 2008), *aff'd*, 558 F.3d 534 (D.C. Cir. 2009).  In response to both of Stonehill's FOIA requests and his requests for discovery in the context of his Rule 60(b) motion, the IRS located voluminous records, including 8 boxes of documents discovered in the Associate Chief Counsel's Office, Dkt. 1 at 10 (Compl. ¶ 43), and more than 80 boxes of records discovered at the Federal Records Center in Suitland, Maryland, *id.* at 11 (Compl. ¶¶ 51–52).  In declarations, the IRS

explained that the boxes included number markings that suggested two boxes (numbered 17 and 83) were missing.[1]  *Id.*; *see also id.* at 13 (Compl. ¶¶ 65–66).

In 2018, long after the prior litigation had concluded, Plaintiff's counsel submitted a FOIA request on her behalf seeking "all records and correspondence discussing or related to the discovery and review of the 8 boxes of Stonehill documents located in the IRS Chief Counsel's office and to the discovery, transfer[,] and review of the 86 boxes of documents located at the Federal Records Center in Suitland, Maryland."  *Id.* at 19 (Compl. ¶ 94).  The request specified that it did "not seek copies of documents in the boxes . . . (other than those documents related to the numbering of the boxes and the description of the contents of the boxes.").  *Id.* at 2 (Compl. ¶ 2).  After the IRS denied that request and then failed to respond to Plaintiff's administrative appeal, Plaintiff filed this lawsuit to compel the agency to disclose the requested records.  *Id.* at 19–21 (Compl. ¶¶ 94–104).

The IRS now moves to dismiss Plaintiff's complaint on the ground that her claims are barred by res judicata, in light of the earlier litigation.  Dkt. 11.  Under the doctrine of res judicata, "[a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action."  *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981).  The IRS argues that "Plaintiff's FOIA complaint is an attempt to re-litigate the adequacy of the search" conducted in response to her husband's earlier FOIA requests, which the

---

[1]  The declarations were inconsistent as to whether the IRS had located 82 out of 84 boxes or 84 out of 86, *id.* at 11 (Compl. ¶¶ 51–52), although the parties here seem to have settled on the 86 figure, *see* Dkt. 11-1 at 5.

agency argues Stonehill could have but failed to challenge in the prior Rule 60(b) and FOIA litigation. Dkt. 11-1 at 8.

The IRS's reliance on the doctrine of res judicata is misplaced. The agency seems to misapprehend several important distinctions between what Plaintiff seeks to litigate in this case and the issues that were litigated in the prior cases. First, Plaintiff's current FOIA request seeks different records than were at issue in the prior litigation. Whereas the earlier litigation centered on records that the IRS maintained about Harry Stonehill and its investigation of him, Plaintiff now seeks records that the IRS created in the process of storing, searching, and producing the records that were at issue in the earlier litigation. Plaintiff is thus attempting to use FOIA to obtain records related to how the IRS responded to her husband's earlier FOIA requests and to his requests for discovery in the Rule 60(b) litigation. The strategy of using FOIA to obtain information about how an agency discharges its responsibilities under FOIA is not entirely novel. *See*, *e.g.*, *Shapiro v. U.S. Dep't of Just.*, No. 13-cv-555, 2020 WL 7318014 (D.D.C. Dec. 11, 2020). In short, the records that the IRS creates in investigating tax fraud are distinct from the records that it creates in the process of responding to FOIA requests or responding to requests for discovery in litigation. The former category of records was at issue in the prior litigation, and the latter category is at issue here.

In addition to seeking different records, Plaintiff's 2018 FOIA request also raises different legal issues. With respect to the earlier Rule 60(b) litigation, the Court is unpersuaded that either Plaintiff or her husband could have litigated most FOIA issues (other than the applicability of various privileges) in that context, given the very

4

different set of considerations and legal principles that govern civil discovery. Indeed, as Plaintiffs point out, the court in the Rule 60(b) litigation rebuffed some of Stonehill's attempts to uncover additional information about the IRS's review of relevant records, deeming such requests irrelevant to resolving the Rule 60(b) motion. *See* Dkt. 13 at 33–36. The court there held that Stonehill's efforts were "in effect a request to conduct discovery about discovery" that was "well beyond" the scope of the Rule 60(b) motion. *Id.* at 36 (internal quotation marks omitted). As such, Plaintiff could not have litigated her current claim in that case.

As for the prior FOIA litigation, the Court is unpersuaded that this Court or the D.C. Circuit resolved (or even could have resolved) the issues presented in this case, and, likewise, this lawsuit does not risk relitigating any of the issues decided in that earlier FOIA litigation, including questions of privilege. Despite the IRS's arguments to the contrary, Plaintiff could not use this case to relitigate the adequacy of the IRS's search for records responsive to her husband's earlier FOIA requests, because those earlier requests are not at issue here. Rather, the only search that Plaintiff could challenge in this case is the separate search that the IRS conducted in response to her 2018 FOIA request (which happens to seek records related to earlier searches). The IRS seems to confuse the subject matter of Plaintiff's 2018 FOIA request (records pertaining to the earlier searches) with the legal issues presented by the 2018 FOIA request (the denial of the instant request). No prior decision has addressed the adequacy of the IRS's response to Plaintiff's 2018 FOIA request or any other request seeking the same records related to the IRS's "discovery, transfer[,] and review" of

documents—as opposed to records related to the investigation of Harry Stonehill. Dkt. 1 at 19 (Compl. ¶ 94).

The IRS argues that Plaintiff "had two opportunities to challenge the adequacy of the search she is challenging through her 2018 FOIA request at issue here." Dkt. 11-1 at 10. But a FOIA request is not a challenge to anything. It is, rather, a request for records. And the doctrine of res judicata does not bar the disclosure of records under FOIA simply because those records relate to earlier litigation. The IRS may, of course, have some other reason to withhold the records that Plaintiff seeks. For instance, privileged records created in the process of litigation may be protected under FOIA Exemption 5. *See* 5 U.S.C. § 552(b)(5). The IRS may raise any such argument (including issue preclusion, if applicable) in the context of a motion for summary judgment. For present purposes, however, it is enough to conclude that res judicata does not pose a wholesale barrier to Plaintiff's FOIA action.

## CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** that the IRS's motion to dismiss, Dkt. 11, is **DENIED**.

**SO ORDERED.**

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date: March 22, 2021